UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARTA BRYCELAND, derivatively on behalf of ABIOMED, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 13-10212-FDS |
| v. | ) ) | |
| MICHAEL R. MINOGUE, W. GERALD AUSTEN, LOUIS E. LATAIF, DOROTHY E. PUHY, MARTIN P. SUTTER, HENRI A. TERMEER, PAUL G. THOMAS, and ABIOMED, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
OBJECTION TO DEFENDANTS' BILL OF COSTS**

SAYLOR, J.

**I.   Background**

This is a shareholder derivative action.  On February 4, 2013, plaintiff Marta Bryceland brought suit on behalf of, and for the benefit of, nominal defendant Abiomed, Inc., asserting claims against individual members of its board of directors.  The complaint alleged that those directors breached their fiduciary duties in failing to adequately respond to, and disclose the potential consequences of, warning letters that the Food and Drug Administration sent to Abiomed about the marketing and labeling of one of its products.

On June 21, 2013, the Court granted defendants' motion to dismiss the complaint on the grounds that it failed to meet the requirements of a shareholder derivative action under Fed. R. Civ. P. 23.1.  On June 10, 2014, the First Circuit affirmed that dismissal.

On July 9, 2014, defendants filed a bill of costs pursuant to 28 U.S.C. § 1920.  They

submitted invoices requesting $182.50 for transcript costs and $1,144.13 for printing costs.

On July 18, plaintiff filed an objection to the bill of costs, contending that the printing costs are not taxable to her because they were not necessary for the litigation. She did not object to the transcript costs. Defendants did not respond to plaintiff's objection.

**II.   Analysis**

Costs for making copies are taxable so long as they "are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). To obtain reimbursement "in the case of photocopying, counsel should inform the Court of the number of copies, the cost of each copy, and provide, if possible, a breakdown of the reasons why photocopying of certain documents was necessary." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 237 n.20 (1st Cir. 1997) (quoting *In re Motor Freight Express*, 80 B.R. 44, 46 (Bankr. E.D. Pa. 1987)). Copies of documents need not be filed with the court, but must be "reasonably necessary to the maintenance of the action." *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990). Although the standard for the taxing of costs is extremely low, "the prevailing party must offer some evidence of necessity." *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 210 (D.R.I. 2008). Thus, "under 28 U.S.C. § 1920, [a] cost-reimbursement claimant's conclusory statement that copying costs were necessary is insufficient." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.2d at 237 n.20 (citing *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)).

Defendants have provided an invoice that includes costs for nine collections of "Tabs and Binding" and 9,631 pages of documents, at a cost of 11 cents per page. (Docket No. 51, Ex. 3). They have not otherwise responded to plaintiff's objection or offered any reasons why those copying costs were necessary to the maintenance of this action. The case was decided at the

motion to dismiss stage, and while plaintiff did appeal, it is not clear why the litigation of the motion to dismiss necessitated the copying of 9,631 pages of documents.  Assuming that defendants provided courtesy copies of their filings, they only submitted approximately 70 pages of documents to the Court during the trial phase of this litigation.

Accordingly, interpreting defendants' submission as a motion for a bill of costs, the motion will be granted in the amount of $182.50, and otherwise denied.

### IV.     Conclusion

For the foregoing reasons, defendants' motion for a bill of costs is GRANTED in the amount of $182.50, and otherwise DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 9, 2014